# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| MISTY COLEMAN, | Case No. 1:22-cv-319 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| HAMILTON COUNTY BOARD OF COUNTY COMMISSIONERS, *et al.*, | |
| Defendants. | |

## ORDER GRANTING COUNTY DEFENDANTS' MOTION TO DISMISS (Doc. 11)

This matter is before the Court on Defendants Hamilton County Board of County Commissioners, Jim Neil, Charmaine McGuffey, and Hamilton County Sheriff's Office's ("County Defendants") Motion to Dismiss (Doc. 11). Plaintiff filed a Memorandum in Opposition to Motion to Dismiss (Doc. 12), to which County Defendants filed a Reply in Support of Motion to Dismiss (Doc. 13). Thus, this matter is ripe for review. For the reasons below, County Defendants' Motion to Dismiss (Doc. 11) is **GRANTED**.

## FACTS AS ALLEGED

Defendants Hamilton County Sheriff's Office ("Sheriff's Office"), Jim Neil, Charmaine McGuffey, Hamilton County Board of County Commissioners ("County Board"), John/Jane Doe Jailers, and John/Jane Doe Nurses supervise and control the Hamilton County Justice Center ("Justice Center"). (Amended Complaint, Doc. 7, ¶ 9.) Neil was the Hamilton County Sheriff from June 25, 2020 to January 3, 2021. (*Id.* at ¶ 3.)

McGuffey is the current Hamilton County Sheriff, beginning her term on January 4, 2021. (*Id.*)

In June 2020, Plaintiff was taken into custody by law enforcement and processed as an inmate at the Justice Center. (Am. Compl., Doc. 7, ¶ 9.) At some point, Plaintiff was taken to the Justice Center's shower facility to bathe. (*Id.* at ¶ 10.) As she exited the shower, Plaintiff slipped and fell. (*Id.* at ¶ 11.) Plaintiff immediately requested medical attention and "complained of excruciating pain" in her ankle. (*Id.* at ¶¶ 23, 24.) However, John/Jane Jailers and/or John/Jane Doe Nurses refused to procure medical care for Plaintiff. (*Id.* at ¶ 25.) As a result of the fall, Plaintiff suffered a fractured ankle. (*Id.* at ¶ 11.)

Plaintiff maintains that the cause of her fall was the "slippery and dangerous condition of the shower," which was exacerbated by the "inappropriate flip-flops" that she was required to wear as an inmate. (Am. Compl., Doc. 7, ¶¶ 11-12, 14-15.) Plaintiff alleges that Defendants knew of these dangerous conditions, citing to statements made by "certain Defendants" that Plaintiff was not the first to injure herself in the showers. (*Id.* at ¶¶ 13, 16-17.) Though they were aware of the risks, Defendants disregarded them and provided no warning of the dangerous shower conditions to the inmates. (*Id.* at ¶¶ 18-20.)

Plaintiff now brings a claim of negligence against (1) the Sheriff's Office, (2) Neil in his official capacity as Hamilton County Sheriff, (3) McGuffey in her official capacity as Hamilton County Sheriff, (4) John/Jane Doe Jailers No. 1 and 2, and (5) John/Jane Doe Nurses No. 1 and 2. (Am. Compl., Doc. 7, ¶¶ 37-42.) Plaintiff also brings a 42 U.S.C. §

2

1983 claim for violations of her constitutional rights against (1) the Sheriff's Office, (2) Neil in his official capacity as Hamilton County Sheriff, (3) McGuffey in her official capacity as Hamilton County Sheriff, (4) John/Jane Doe Jailers Nos. 1 and 2, (5) John/Jane Doe Nurses Nos. 1 and 2, and (6) the County Board. (*Id.* at ¶¶ 43-47.) County Defendants now move to dismiss the claims brought against them. (*See* Motion to Dismiss, Doc. 11.)

## LAW

The Federal Rules of Civil Procedure allow, upon motion, the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. R. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Courts accept all allegations of material fact as true and must construe such allegations in the light most favorable to the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Courts are not bound to do the same for a complaint's legal conclusions. *Id.* at 555.

Thus, surviving a motion to dismiss is a matter of pleading sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). A claim for relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678. That is, the complaint must lay out enough facts for a court to reasonably infer that the defendant wronged the plaintiff. *16630 Southfield*, 727 F.3d at 502. A complaint that lacks such plausibility warrants dismissal. *Iqbal*, 556 U.S. at 678.

## ANALYSIS

County Defendants seek to dismiss Plaintiff's claims against them, arguing that (1)

the Sheriff's Office is not *sui juris* and therefore cannot be sued; (2) official capacity claims against Neil cannot proceed as he is no longer employed by the Sheriff's Office; (3) the 42 U.S.C. § 1983 claim against the County Board cannot proceed because it has no oversight over the Justice Center; and (4) Plaintiff fails to state any claim for relief against McGuffey in her official capacity. (*See* Motion to Dismiss, Doc. 11.) The Court will address each argument in turn.

### I. Claims against Defendant Sheriff's Office

As noted above, Plaintiff brings claims of negligence and constitutional violations pursuant to 42 U.S.C. § 1983 against the Sheriff's Office. (Am. Compl., Doc. 7, ¶¶ 37-47.) County Defendants argue that the Sheriff's Office is not *sui juris*—or that it lacks the capacity to be sued. (Motion to Dismiss, Doc. 11, Pg. ID 96.) Plaintiff disagrees, arguing that naming the Sheriff's Office as a defendant "ensure[s] that all responsible and necessary parties [are] [] included" in the pending litigation. (Response in Opposition, Doc. 12, Pg. ID 112-13).

Whether an entity has the capacity to sue and be sued is governed by the law of the state in which the Court is located. Fed. R. Civ. 17(b)(3). In Ohio, law enforcement agencies are not *sui juris*, as they are "no more than arms of the government of which they are a part." *McGuire v. Ameritech Servs.*, 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003); *see also Parmelee v. Schnader*, No. 12 MA 26, 2018 Ohio App. LEXIS 730, at *13 (Ohio Ct. App. Feb. 22, 2018). And, Plaintiff has not provided any statute to suggest that the Sheriff's Office confers the legal capacity to sue and be sued in this instance. *See Barnes v. City of Cleveland Div. of Records Admin.*, No. 109682, 2020 Ohio App. LEXIS 4878, at *9-10

4

(Ohio Ct. App. Jan. 22, 2021) (police department is not *sui juris* for purposes of civil tort, but is *sui juris* for purposes of public records act due to "public office" language in public records act).

Thus, as the Sheriff's Office is not capable of being sued, the claims against it must be dismissed.

### II. Claims against Defendant Neil in his Official Capacity

Next, Plaintiff brings claims of negligence and constitutional violations pursuant to 42 U.S.C. § 1983 against Neil in his official capacity as Hamilton County Sheriff. (Am. Compl., Doc. 7, ¶¶ 37-47.) County Defendants argue that Neil cannot be sued in his official capacity, as he no longer holds the office of Hamilton County Sheriff. (Motion to Dismiss, Doc. 11, Pg. ID 97.) Plaintiff disagrees, maintaining that Neil was the Hamilton County Sheriff at the time of the alleged incident and can therefore be sued in his official capacity. (Response in Opp., Doc. 12, Pg. ID 113.)

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citation omitted). Therefore, a claim against an official in his official capacity is, by definition, a claim against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (An official-capacity suit "is not a suit against the official personally, for the real party in interest is the entity."). In turn, a former official that no longer holds office cannot be sued in his official capacity. *Durham v. Martin*, 388 F. Supp. 3d 919, 930 (M.D. Tenn. 2019) (citing *Kentucky*, 473 U.S. at 166)). Neil is no longer the Hamilton County Sheriff (*See* Am. Compl., Doc. 7, ¶ 3) and

Plaintiff has not identified any other official position that Neil currently holds. Thus, Neil cannot be sued in an official capacity.

Therefore, the claims brought against Neil in his official capacity must be dismissed.

### III. 42 U.S.C. § 1983 Claim against Defendants County Board and McGuffey in her Official Capacity

Next, Plaintiff brings a claim of constitutional violations pursuant to 42 U.S.C. § 1983 against the County Board and McGuffey in her official capacity as Hamilton County Sheriff. (Am. Compl., Doc. 7, ¶¶ 43-47.)

To begin with, Plaintiff's § 1983 claim against the County Board and McGuffey in her official capacity are essentially a § 1983 claim against Hamilton County. *See Curtis v. Breathitt Cnty. Fiscal Ct.*, 756 F.Appx. 519, 525 (6th Cir. 2018) ("An official capacity claim filed against a public employee generally represents another way of pleading an action against the public entity that agent represents."); *Smith v. Grady*, 960 F. Supp. 2d 735, 740 (S.D. Ohio 2013) (holding that an Ohio county can be sued under § 1983 through its board of commissioners). In turn, the viability of Plaintiff's § 1983 claim against the County Board and McGuffey hang on whether she has stated a claim for relief against Hamilton County.

Hamilton County may be liable under § 1983 if it, through its officials, implemented a policy or custom that violated Plaintiff's constitutional rights. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). "To show the existence of a [county's] policy or custom leading to the alleged rights violation, a plaintiff can identify: (1) the [county's]

6

legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." *Baynes v. Cleland*, 799 F.3d. 600, 621 (6th Cir. 2015). The unlawful policy or custom must be the moving force behind the constitutional violation. *Monell,* 436 U.S. at 694. That is to say, a plaintiff "must show that the particular injury was incurred because of the execution of that policy." *Baynes*, 799 F.3d. at 621.

Plaintiff's § 1983 claim appears to rely on Hamilton County's allegedly inadequate supervision of the Justice Center and its jailers. Plaintiff alleges that County Defendants "fail[ed] to establish clear and distinct regulations and procedures altogether . . . and/or enact[ed] policies and procedures which allowed employees to exercise their judgment while supervising inmates." (Am. Compl., Doc. 7, ¶ 35.) Plaintiff alleges that this lack of oversight by Hamilton County induced a pattern in the Justice Center of indifference towards (1) the dangerous condition of the showers and (2) Plaintiff's medical needs. (*Id.* at ¶¶ 17-19, 23-26; Response in Opp., Doc. 12, Pg. ID 115-17.) But these allegations are insufficient to create a § 1983 claim against Hamilton County.

### a. § 1983 claim as it relates to the dangerous conditions of the showers

First, the allegedly dangerous conditions of the shower facility do not constitute a constitutional violation to evoke § 1983. The allegedly dangerous conditions consist of (1) the showers' slippery floors and (2) the flip-flops required to be worn by inmates. (Am. Compl., Doc. 7, ¶¶ 11, 15.) But these conditions are not enough to trigger a cognizable constitutional violation. *See Lamb v. Howe*, 677 F.Appx. 204, 208 (6th Cir. 2017) (slippery

7

floors of inmates' cell caused by clogged toilet did not present a constitutional violation); *Bell v. Ward*, 88 F.Appx. 125, 127 (7th Cir. 2004) (finding no § 1983 violation where prisoner claimed that officials were aware of slippery conditions created by other prisoners but took no action to remedy the problem, and where the prisoner slipped and fell because of those conditions); *LeMaire v. Maas*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."). Thus, even if a Hamilton County policy relating to the Justice Center's shower conditions existed, those shower conditions do not constitute a constitutional violation to invoke § 1983.

### b. § 1983 claim as it relates to the indifference towards Plaintiffs' medical needs

Next, Plaintiff has not sufficiently plead that a Hamilton County policy of inadequate supervision led to the indifference towards Plaintiff's medical needs. A policy of inadequate supervision is shown when a county's supervision was "inadequate for the tasks the [jailers] were required to perform, the inadequacy resulted from [the county's] deliberate indifference, and the inadequacy actually caused, or is closely related to, [the plaintiff's] injury." *Shadrick v. Hopkins Cnty.*, 805 F.3d 724, 738 (6th Cir. 2015) (citation omitted). But "the allegation of one instance of faulty supervision, without more, is insufficient to state a plausible claim that inadequate supervision 'can justifiably be said to represent city policy.'" *Sweat v. Butler*, 90 F. Supp. 3d 773, 782 (W.D. Tenn. 2015) (quoting *Howard v. City of Girard*, 346 F.Appx. 49, 51 n.2 (6th Cir. 2009)). Put another way, one instance of wrongdoing does not create a policy of inadequate supervision on the

8

part of Hamilton County to invoke § 1983. *See Gomez v. City of Memphis*, No. 2:19-cv-02412, 2021 U.S. Dist. LEXIS 79963, at *38 (W.D. Tenn. Apr. 27, 2021).

Plaintiff has only alleged one instance of a Justice Center inmate's medical needs being ignored—her own. (Am. Compl., Doc. 7, ¶¶ 22-25.) Plaintiff alleges that "certain Defendants" stated that Plaintiff was not the first to injure herself in the showers. (Am. Compl., Doc. 7, ¶¶ 13, 16-17.) That said, Plaintiff does not allege that those inmates had their medical needs ignored by an employee of the Justice Center. In fact, Plaintiff does not identify any time where the medical needs of another inmate had been ignored. Consequentially, Plaintiff has not pledged a pattern of violations to "justifiably be said to represent city policy." *Sweat*, 90 F. Supp. 3d at 782 (citation omitted). Thus, Plaintiff has failed to show the existence of a Hamilton County policy or custom that violated Plaintiff's constitutional rights to invoke § 1983.

Therefore, Plaintiff has failed to state a § 1983 claim against Hamilton County. In turn, the § 1983 claim brought against the County Board and McGuffey in her official capacity must be dismissed.

### IV. Negligence Claim against Defendant McGuffey in her Official Capacity

The Court now turns its attention to Plaintiff's negligence claim against McGuffey in her official capacity as Hamilton County Sheriff. (*See* Am. Compl., Doc. 7, ¶¶ 37-42.) County Defendants argue that McGuffey, in her official capacity, is statutorily immune from this claim under Ohio Revised Code § 2744.02. (Motion to Dismiss, Doc. 11, Pg. ID 102-04.) Plaintiff's sole argument in response is that immunity is inappropriate for consideration at the motion to dismiss stage. (Response in Opp., Doc. 12, Pg. ID 118-19.)

9

To address Plaintiff's concerns, courts have routinely considered § 2744.02 immunity at the pleading state. *See Fry v. City of Cincinnati*, No. C-210482, 2022 Ohio App. LEXIS 1169, at *7 (Ohio Ct. App. Apr. 15, 2022) (trial court erred when it did not dismiss claims against political subdivision as it was immune from suit); *see also Prof'l Guild of Ohio v. Butler Cnty. Bd. of Dev. Disabilities*, No. 1:14-cv-161, 2017 U.S. Dist. LEXIS 134590, at *13 (S.D. Ohio Sept. 24, 2014). Plaintiff has presented no caselaw to suggest the contrary. (*See* Response in Opp., Doc. 12, Pg. ID 118-19.) Thus, at this stage, the Court may properly consider whether McGuffey, in her official capacity, is immune from Plaintiff's negligence claim.

Ohio Revised Code § 2744.02(A)(1) provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." "A 'political subdivision' includes any 'county' or 'the elected holder of an office of a political subdivision who is sued in an official capacity.'" *Nolan v. Clark Cnty. Bd. Of Cnty. Comm'rs* No. 3:21-cv-330, 2022 U.S. Dist. LEXIS 202979, at *9 (S.D. Ohio Nov. 7, 2022) (citations omitted). "The . . . maintenance, and operation of jails" is a "governmental function." *Id.* (citing O.R.C. § 2744.01(C)(2)(h)).

There are five exceptions to this form of immunity: (1) liability for injury, death, or loss to person or property caused by the negligent operation of a motor vehicle by an employee within the scope of their employment; (2) negligent performance of a proprietary function; (3) negligent failure to keep roads or bridges in repair or free of

10

obstruction; (4) employee negligence on the grounds or in buildings used in connection with that governmental activity and due to physical defects on or within those grounds or buildings not including jails, places of juvenile detention, workhouses, or any other detention facility; or (5) instances where immunity has been otherwise abrogated by statute. O.R.C. § 2744.02(B).

McGuffey, in her official capacity, is entitled to immunity from Plaintiff's negligence claim under § 2744.02. Again, an official capacity claim filed against McGuffey represents a claim against Hamilton County. *See Leach*, 891 F.2d at 1245; *Curtis v. Breathitt Cnty. Fiscal Ct.*, 756 F.Appx. 519, 525 (6th Cir. 2018)). A claim against McGuffey in her official capacity—alternatively, a claim against Hamilton County—constitutes a claim against a political subdivision under § 2744.02(A). *See Nolan*, 2022 U.S. Dist. LEXIS 202979, at *9. The Complaint alleges negligence, which falls within the scope of the immunity statute. *See Anderson v. Westlake*, 182 N.E.3d 1225, 1231 (Ohio Ct. App. 2021) (In Ohio, "[t]he general rule is that political subdivisions are immune from tort liability."). And, the Complaint presents no allegations that implicate any of the exceptions detailed above. *See* O.R.C. § 2744.02(B). Thus, as no exception applies, McGuffey, in her official capacity, is entitled to immunity against Plaintiff's negligence claim.

Therefore, the negligence claim brought against McGuffey in her official capacity must be dismissed.

V.  **Remaining Defendants**

As all of the County Defendants have been dismissed from this lawsuit, only the unnamed defendants remain. Defendants John/Jane Jailer No. 1 and 2 and John/Jane

Doe Nurses No. 1 and 2 appear to be employees of the Justice Center. (*See* Am. Compl., Doc. 7, ¶ 4.) In turn, the identities and whereabouts of these defendants are likely discoverable. Under these circumstances, dismissal of Defendants John/Jane Jailer No. 1 and 2 and John/Jane Doe Nurses No. 1 and 2 is improper. *See Brown v. Owens Corning Inv. Rev. Comm.*, 622 F.3d 564, 572 (6th Cir. 2010), *abrogated on other grounds by Intel Corp. Inv. Pol'y Comm. V. Sulyma*, 140 S. Ct. 768 (2020) ("Plaintiffs are permitted to bring suit against unnamed 'John Doe' defendants until discovery or other information reveals the identity of the party.").

Rather, Plaintiff will be permitted sixty (60) days to conduct limited discovery to ascertain the identities of Defendants John/Jane Jailer No. 1 and 2 and John/Jane Doe Nurses No. 1 and 2. *See Robinson v. Doe*, No. 1:07-cv-729, 2009 U.S. Dist. LEXIS 19308, at *6 (S.D. Ohio Mar. 10, 2009). To assist Plaintiff in this endeavor, it is appropriate to retain McGuffey as a defendant, as she is a high-ranking official who can help identify the unknown defendants. *See Adams v. Hamilton Cnty. Just. Ctr.*, No. 1:20-cv-601, 2020 U.S. Dist. LEXIS 228778, at *9 (S.D. Ohio Dec. 4, 2020), *report and recommendation adopted*, No. 1:20-cv-601, 2021 U.S. Dist. LEXIS 22243 (S.D. Ohio Feb. 5, 2021). Plaintiff will be permitted to serve discovery on McGuffey to determine the identities of Defendants John/Jane Jailer No. 1 and 2 and John/Jane Doe Nurses No. 1 and 2. Upon discovery of the full names of those defendants, Plaintiff shall move to amend her Amended Complaint (Doc. 7) to identify them. Following, McGuffey will be dismissed.

## CONCLUSION

For these reasons, the Courts **ORDERS** the following:

1. County Defendants' Motion to Dismiss (Doc. 11) is **GRANTED.** The claims brought against Hamilton County Board of County Commissioners, Jim Neil in his official capacity, Charmaine McGuffey in her official capacity, and Hamilton County Sheriff's Office are **DISMISSED WITH PREJUDICE**.

2. Plaintiff **SHALL** have sixty (60) days from the date of this Order to discover the identities of Defendants John/Jane Jailer No. 1 and 2 and John/Jane Doe Nurses No. 1 and 2.

3. Defendant Charmaine McGuffey **SHALL** remain as a party to this case solely to assist in discovery to determine the identities of Defendants John/Jane Jailer No. 1 and 2 and John/Jane Doe Nurses No. 1 and 2.

4. Once the identities of the unknown defendants are discovered, Plaintiff **SHALL** move to amend her Amended Complaint (Doc. 7) to identify them. At that time, Defendant Charmaine McGuffey **SHALL** be removed as a party to this case.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND