IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MISTY COLEMAN, | : | Case No. 1:22-cv-319 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| HAMILTON COUNTY BOARD OF COUNTY COMMISSIONERS, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendants Bethanie Drew, Fritz Elsasser, Timothy Scholz, Colina Yates, Charmaine McGuffey, and the Hamilton County Board of County Commissioner's ("BOCC") Motion to Dismiss (Doc. 41) and Defendants NaphCare, Inc., Michael J. Pegram, Jr., Lauren A. Slack, Jenna N. Ward, and Donald L. Haun's Motion for Judgment on the Pleadings (Doc. 46). Both motions have been fully briefed. (*See* Docs. 44, 45, 47, 49.) Thus, this matter is ripe for review.

For the reasons below, Defendants Drew, Elsasser, Scholz, Yates, McGuffey, and the BOCC's Motion to Dismiss (Doc. 41) and Defendants NaphCare, Inc., Pegram, Slack, Ward, and Haun's Motion for Judgment on the Pleadings (Doc. 46) are both **GRANTED**.

### ALLEGED FACTS AND PROCEDURAL POSTURE

Plaintiff was incarcerated at the Hamilton County Justice Center in June 2020. (Second Am. Compl., Doc. 28, ¶ 19.) On June 18, 2020, Plaintiff was taken to the Justice

Center's shower facility to bathe. (*Id.* at ¶ 20.) As she exited the shower, Plaintiff fell and fractured her ankle. (*Id.* at ¶¶ 11, 21.)

Plaintiff commenced this action in state court on May 19, 2022, and it was removed to this Court on June 6, 2022. (*See* Notice of Removal, Doc. 1.) In an Amended Complaint, Plaintiff brought negligence and 42 U.S.C. § 1983 claims against the Hamilton County Sheriff's Office, McGuffey, Jim Neil, John/Jane Doe Jailers No. 1 and 2, John/Jane Doe Nurses No. 1 and 2, and the BOCC. (Am Compl., Doc. 7.) On July 11, 2023, this Court dismissed the claims against all of the named Defendants for failure to state a claim. (*See* Order, Doc. 20.) The Court then provided Plaintiff sixty days to discover the identities of Defendants John/Jane Doe Jailers No. 1 and 2 and John/Jane Doe Nurses No. 1 and 2. (*Id.* at Pg. ID 154.)

On September 15, 2023, Plaintiff filed a Second Amended Complaint. (Second Am. Compl., Doc. 28.) Plaintiff therein identifies Defendants Drew, Yates, Bolen, Scholz, and Elsasser as employees of the Sheriff's Office who supervised Plaintiff or otherwise controlled the Justice Center ("County Identified Defendants"). (*See id.* at ¶¶ 2-7, 20, 29-31, 36.) Plaintiff identifies Defendants Pegram, Slack, Ward, and Haun as employees of Defendant NaphCare, Inc., who provided medical care to Plaintiff and other inmates at the Justice Center ("Medical Identified Defendants"). (*Id.* at ¶¶ 8-13, 31, 39.) Additionally, in the Second Amended Complaint, Plaintiff brings negligence and § 1983 claims against both the County and Medical Identified Defendants (collectively, "Identified Defendants"), McGuffey, and the BOCC. (*See* Second Am. Compl., Doc. 28, ¶¶ 45-57, 62-72.)

2

County Identified Defendants move to dismiss the claims against them, arguing that they are time barred. (Motion to Dismiss, Doc. 41.) McGuffey and the BOCC also move to dismiss or strike the claims against them, arguing that they are barred under the doctrine of res judicata. (*Id.*) Medical Identified Defendants move for judgment on the pleadings, also arguing that the claims against them are time barred. (Motion for Judgment, Doc. 46.)

## LAW

The standard of review for a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings is the same as for a motion under Rule 12(b)(6) for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). The Court construes the complaint in the light most favorable to the plaintiff, accepts all allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015). "[T]he plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, although the Court accepts well-pleaded factual allegations as true, it need not accept "a formulaic recitation of the elements of a cause of action" or "legal conclusions couched as factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

## ANALYSIS

Both the Medical and County Identified Defendants maintain that Plaintiffs'

3

claims against them are time barred, so the Court will first address these arguments together. (*See* Motion to Dismiss, Doc. 41, Pg. ID 296-99; Motion for Judgment, Doc. 46, Pg. ID 366-372.) Then, the Court will consider the claims against McGuffey and the BOCC. (Motion to Dismiss, Doc. 41, Pg. ID 299-300.)

## I. Claims against Identified Defendants

As noted above, Plaintiff brings negligence and § 1983 claims against each Identified Defendant. (Am. Compl., Doc. 7, ¶¶ 37-47.) In response, the Identified Defendants argue that these claims are time barred. (*See* Motion to Dismiss, Doc. 41, Pg. ID 296-99; Motion for Judgment, Doc. 46, Pg. ID 366-372.)

The statute of limitations period for § 1983 and negligence claims is two years. *See* Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). The statute of limitations for these claims begin to run when the plaintiff knows or has reason to know of the injury which is the basis of her action. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Identified Defendants allegedly injured Plaintiff on June 18, 2020. (Second Am. Compl., Doc. 28, ¶ 20.) Plaintiff brought her § 1983 and negligence claims against Identified Defendants on September 15, 2023. (*See id.*) Thus, on their face, Plaintiff's claims against Identified Defendants are time barred under the two-year statute of limitations.

Plaintiff brings various arguments to show that the claims are nevertheless timely. Plaintiff first argues that her claims against Identified Defendants relate back to the original complaint. (Response to Motion to Dismiss, Doc. 44, Pg. ID 322-24; Response to Motion on Judgment, Doc. 47, Pg. ID 376-79.) Next, Plaintiff argues that she is entitled to

4

equitable tolling. (Response to Motion to Dismiss, Doc. 44, Pg. ID 324-26; Response to Motion for Judgment, Doc. 47, Pg. ID 382-84.) Finally, Plaintiff argues that her claims against Medical Identified Defendants are timely under the discovery rule. (Response to Motion for Judgment, Doc. 47, Pg. ID 380.) The Court will consider each in turn.

### a. Relation Back Under Federal Rule of Civil Procedure 15

Plaintiff first argues that her claims against Identified Defendants relate back to her original complaint under Federal Rule of Civil Procedure 15. (Response to Motion to Dismiss, Doc. 44, Pg. ID 322-24; Response to Motion for Judgment, Doc. 47, Pg. ID 376-79.) Under Rule 15, an amendment that changes a named defendant can relate back if the newly named defendant (1) "received such notice of the action that [he] will not be prejudiced in defending on the merits;" and (2) "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Plaintiff maintains that she met these requirements because Identified Defendants knew about the original complaint when it was filed and should have known that Plaintiff intended to sue them when she named the John Doe Defendants in the Complaint. (Response to Motion to Dismiss, Doc. 44, Pg. ID 322-24; Response to Motion for Judgment, Doc. 47, Pg. ID 376-79.) While these assertions may be true, Plaintiff fails to meet another prerequisite of Rule 15(c)—that she made a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

Plaintiff cannot meet the requirements of Rule 15 because she failed to establish that her lack of knowledge of the John Doe Defendants' identities was due to a mistake.

5

*See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). Plaintiff "did not make a mistake about the identity of the parties [she] intended to sue;" instead, she simply "did not know who they were and . . . did not find out within the . . . limitations period." *Id.* "[A]bsence of knowledge is not a mistake as required by Rule 15." *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 433-34 (6th Cir. 2013); *see also Ham v. Sterling Emerg. Servs. of the Midwest, Inc.*, 575 F. App'x 610, 616-17 (6th Cir. 2014) (The plaintiff's inability to timely learn the identity or address of the John Doe defendant was "not a mistake."). Thus, as Plaintiff did not make a mistake about the John Doe Defendants' identities, her claims against Identified Defendants cannot relate back to her original complaint under Rule 15.

### b. Equitable Tolling

Next, Plaintiff argues that the Court should equitably toll the statute of limitations period. (Response to Motion to Dismiss, Doc. 44, Pg. ID 324-26; Response to Motion for Judgment, Doc. 47, Pg. ID 382-84.) "The federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* Thus, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. In determining whether equitable tolling is available, courts may consider: 1) lack of actual notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in

6

remaining ignorant of the particular legal requirement. *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). As the party seeking equitable tolling, Plaintiff bears the burden of proving that she is entitled to it. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

Equitable tolling is unwarranted here. Plaintiff argues that she is entitled to equitable tolling because she could not engage in discovery to determine the John Doe Defendants' identities at the pleading stage. (Response to Motion to Dismiss, Doc. 44, Pg. ID 325-26; Response to Motion for Judgment, Doc. 47, Pg. ID 383-84.) But, Plaintiff could have moved for early discovery under Federal Rule of Civil Procedure 26(d)(1) to do just that. *See Laya Yelana Simpson & Sinn Da Truth LLC v. Doe*, No. 21-CV-10877, 2021 U.S. Dist. LEXIS 256988, at *3 (E.D. Mich. May 7, 2021) ("Courts have held repeatedly that a party shows good cause, sufficient to obtain discovery before a Rule 26(f) conference, when the discovery requested is necessary to determine an opposing party's identity.").

Moreover, Plaintiff does not identify any factors beyond her control that prevented her from discovering the identities of the John Doe Defendants. Plaintiff also does not claim that she was ignorant of the relevant statute of limitations period. These considerations, coupled with the lack of diligence by Plaintiff, demonstrate that equitable tolling is not warranted. *See Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995) (explaining that "garden variety neglect" resulting in a failure to meet filing deadline cannot be excused by equitable tolling).

### c. Discovery Rule

Finally, Plaintiff argues that her claims against Medical Identified Defendants are not time barred because the "discovery rule" has not been met. (Response to Motion for

7

Judgment, Doc. 47, Pg. ID 379-82.) Ohio's discovery rule provides that a cause of action does not accrue until a plaintiff either knows or reasonably should have known that (1) he or she was injured and (2) that his or her injury was proximately caused by the defendant's conduct. *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 732 (Ohio 1983). "The discovery rule seeks to redress the unconscionable result reached by a strict application of the limitations period to injured parties whose right to recovery can be barred by the statute of limitation before the party is even aware of an injury's existence." *Flynn v. Bd. of Trs.*, No. C-060178, 2007 Ohio App. LEXIS 6546, at *5 (Ohio Ct. App. Dec. 15, 2006).

Ohio's discovery rule requirements have been met here. Plaintiff admits that she was "plainly aware that she had been injured," but did not know that NaphCare employees—rather than Justice Center employees—provided her medical treatment that caused her injury. (Response to Motion for Judgment, Doc. 47, Pg. ID 381.) But, that is enough to meet the discovery rule's requirements. Plaintiff alleges that she was injured by individuals working at the Justice Center's medical center. (*See id; see also* Second Am. Compl., Doc. 28.) That she did not know where the medical personnel worked does not negate the fact that she knew who the alleged perpetrators of her injury were. *Cf. Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 707 (6th Cir. 2022) (Discovery rule had not been met because the plaintiffs did not know that the defendant injured them.). Thus, the discovery rule requirements have been met such that Plaintiff's cause of action began to accrue on June 18, 2020.

\* \* \*

Plaintiff's claims against Identified Defendants are time barred under the two-year

8

statute of limitations for negligence and § 1983 claims. Plaintiff has failed to present any argument to overcome this finding. Thus, Plaintiff's claims against Identified Defendants must be dismissed.

## II. Claims against Defendants McGuffey and the BOCC

The Court now turns to Plaintiff's negligence and § 1983 claims against McGuffey and the BOCC. (*See* Second Am. Compl., Doc. 28, ¶¶ 62-72.) McGuffey and the BOCC move to dismiss or strike these claims based on the doctrine of res judicata. (Motion to Dismiss, Doc. 41, Pg. ID 299-300.) Plaintiff does not oppose the dismissal of these claims, instead arguing that she merely re-pled these claims to preserve them for appeal. (Response to Motion to Dismiss, Doc. 44, Pg. ID 326-27.)

"Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 414 (6th Cir. 2016) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Res judicata precludes a claim raised in a subsequent proceeding where there is: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577-78 (6th Cir. 2008) (citations omitted).

The claims against McGuffey and the BOCC are barred under the doctrine of res judicata. This Court dismissed Plaintiff's negligence and § 1983 claims against McGuffey and the BOCC for failure to state a claim. (*See* Dismissal Order, Doc. 20.) Plaintiff's present

9

negligence and § 1983 claims against McGuffey and the BOCC are based on the same set of facts as the previous claims. (*See* Am. Compl., Doc. 7; Second Am. Compl., Doc. 28.) Thus, Plaintiff's negligence and § 1983 claims against McGuffey and the BOCC are barred by res judicata and subject to dismissal.

## CONCLUSION

For these reasons, Defendants Drew, Elsasser, Scholz, Yates, McGuffey, and the BOCC's Motion to Dismiss (Doc. 41) and Defendants NaphCare, Inc., Pegram, Slack, Ward, and Haun's Motion for Judgment on the Pleadings (Doc. 46) are both **GRANTED**. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*

JUDGE MATTHEW W. McFARLAND